# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. DENNY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:18-cv-03318-SRB-P |
| ) | |
| JAMES SIGMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This *pro se* matter was filed by Plaintiff James E. Denny, who was incarcerated in the Texas County Jail in Houston, Missouri. Plaintiff has since been released and is currently out on bond pending charges in a state court case.

### I.      Background

In his complaint, Plaintiff names two defendants: (1) Sheriff James Sigman; and (2) Texas County Sheriff Department. Doc. 1. Plaintiff alleges, *inter alia*, that he "was made fun of and tormented for being gay." *Id*. at p. 3. Plaintiff states Defendant Sigman "made physical threats against me for trying to report discrimination and drug use by his staff to the media." *Id*. Plaintiff also asserts claims concerning his legal mail.

### II.     Standard

When determining whether a plaintiff should be allowed to proceed *in forma pauperis*, the Court uses a two-step process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the Court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). *Id.* Second, the Court considers whether the complaint nonetheless should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *Id*. (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).

### III. Plaintiff was recently released from prison[1]

Ordinarily, when a prisoner files a complaint, initial review of the complaint and progression of the case do not occur until after the Court receives the initial partial filing fee which is assessed under the Prison Litigation Reform Act ("PLRA"). However, once the prisoner is released from custody, he or she has several options: Plaintiff may allow the case to continue as a non-prisoner. If he does so, the case will remain subject to the PLRA and be required to pay the full $350 filing fee.

Section 1997e(a) of the PLRA requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to Plaintiff at the jail, and Plaintiff did not use them before filing this action, Plaintiff's claims could be subject to dismissal.

Also, because Plaintiff filed this action while he was a prisoner, the PLRA bars him from recovery of damages for any kind of mental anguish or emotional distress arising from prison conditions unless he also suffered a physical injury. *See* 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Plaintiff has the option of voluntarily dismissing this case, which was filed as a prisoner, and re-filing the same or a similar complaint, initiating the new complaint as a non-prisoner. A non-prisoner who complains about prison conditions during a previous incarceration is not subject to the PLRA. If a motion to proceed *in forma pauperis* is granted to a non-prisoner plaintiff, the filing fee is entirely waived. The PLRA requirements regarding exhaustion of administrative remedies disappears even though the subject matter of the non-prisoner's claim is the same as brought by a prisoner. If, now that Plaintiff is no longer in custody, he decides not to pursue this

---

[1] This portion of the order was drawn in large part from *Ladd v. Dietz*, No. 4:06CV3265, 2007 WL 160762 (D. Neb. Jan. 17, 2017).

action and prefers to allow the case to be dismissed without prejudice, he may write to the Court and indicate his interest in voluntary dismissal of the case without prejudice.

## IV. Amended Complaint

Under the PLRA, the Court must consider whether the complaint should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *Id*. (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). A claim is frivolous if it lacks an arguable basis in fact or in law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*; *see also Wilson v. Johnston*, 68 Fed. App'x. 761 (8th Cir. 2003) (court may dismiss complaint as "frivolous, and disregard clearly baseless, fanciful, fantastical, or delusional factual allegations").

In reviewing a *pro se* complaint at this early stage, the Court gives the complaint the benefit of every doubt, no matter how unlikely. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A "pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" *Whitson v. Stone Cnty. Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (citations omitted). However, this standard does not excuse pro se complaints from alleging "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (holding that pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability").

While *pro se* claims are to be liberally construed, in this case, Plaintiff has not alleged sufficient factual content against each and every defendant he wishes to sue in this action. It appears that Plaintiff seeks to assert claims against unnamed parties for threats and discrimination, but has failed to provide names or factual allegations to aid in identifying the unnamed parties. In order to state a claim, Plaintiff must set forth specific allegations of fact as to each defendant's personal involvement in Plaintiff's federal claims.

As to Texas County Jail, the jail is not a cognizable legal entity or person subject to suit under § 1983. Even if Plaintiff had named Texas County, Missouri, as a Defendant, an entity of local government may be held liable under § 1983 only for acts by its officials or employees that implement a governmental custom or policy but may not be held vicariously liable for

3

unconstitutional acts by such employees. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005). For a local entity to be liable under a custom or policy, there must be a deprivation of a constitutional right and that deprivation must be the result of the local entity's policy or the policy of a policy maker acting under color of state law. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-83 (1986); *see also City of St. Louis v. Prapotnik*, 485 U.S. 112, 121-31 (1988) ("The city cannot be held liable under § 1983 unless respondent proved the existence of an unconstitutional municipal policy."). However, Plaintiff does not currently state a custom or policy of Texas County, Missouri, that has violated his constitutional rights in order to maintain an action against Defendant.

Furthermore, as to Plaintiff's claims for verbal threats, the Court notes that a prison official's verbal threats, without more, are not actionable in a § 1983 suit. S*ee McDowell v. Hones*, 990 F.2d 433, 434 (8th Cir. 1993). Insofar as Plaintiff asserts claims concerning his legal mail, the Eighth Circuit has held that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (quoting *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir. 1990)). As further explained by the Eighth Circuit, "[t]he act of opening incoming mail does not injure an inmate's right to access the courts." *Id*. "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband." *Id*. "Given this limited purpose, inadvertent opening of legal mail cannot be actionable under § 1983[.]" *Id*.

Because Plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint in this action should he choose to remain subject to the PLRA.

In an amended complaint, Plaintiff shall set out sufficient facts to show exactly **who** is involved in this lawsuit claim and **what** each individual defendant **specifically did or failed to do**. In his amended complaint, Plaintiff shall include all of his allegations against every defendant he is suing and shall provide sufficient allegations as set forth above. Plaintiff shall also explain any injuries he suffered as a result of any defendant's actions. Any claims or defendants not specifically set forth in the amended complaint will be deemed to have been abandoned.

4

The proposed amended complaint will be a standalone document, and it may not refer back to the original complaint. The Clerk is directed to send Plaintiff a court-approved legal form pursuant to 42 U.S.C. § 1983. Using the court-approved legal form, and following all instructions, Plaintiff is to file a proposed amended complaint in which he lists all of the defendants he wishes to sue and explains briefly how those defendants may have violated his legal rights.

Plaintiff must file a superseding amended complaint on or before October 31, 2018, in compliance with this order, or this case will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) the Clerk of the Court is directed to send Plaintiff another set of civil rights forms for his use in filing an amended complaint;

(2) Plaintiff is directed to file a single superseding amended complaint, as specifically discussed herein, on or before October 31, 2018; and

(3) Plaintiff's failure to amend his complaint as set forth herein will result in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 18, 2018